## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**OLIVIA MURPHY,**

*Plaintiff*,

v.

**TEVA PHARMACEUTICALS**

**and**

**COOPER COMPANIES,**

*Defendants*.

Case No. _____-CV-_____

## NOTICE OF REMOVAL

Defendants Teva Pharmaceuticals USA, Inc. (incorrectly named in plaintiff's complaint as "Teva Pharmaceuticals") and The Cooper Companies, Inc. (incorrectly named in plaintiff's complaint as "Cooper Companies") (hereinafter "Defendants"), by their undersigned attorneys, hereby give notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York.  As grounds for removal, Defendants state as follows:

## NATURE OF THE ACTION

1.      This is a personal injury products liability action brought by plaintiff Olivia Murphy, who alleges upon information and belief that a ParaGard IUD was placed in her on an unspecified date, and, when she had the ParaGard removed on or about December 2016, "the IUD broke during removal, causing injuries to plaintiff."  (Ex. A, Compl. ¶ 8.)

2.     Plaintiff commenced this action by filing her Complaint on October 27, 2021, in the Supreme Court of the State of New York, Bronx County, Case No. 814627/2021E. (Ex. A, Compl.).  Plaintiff has not served her Complaint on Defendants.

3.     As set forth below, this action is properly removable under the Court's diversity jurisdiction and because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY JURISDICTION IS PROPER

### A.     The Amount in Controversy Requirement Is Satisfied

4.     Plaintiff alleges the alleged breaking of her Paragard during its removal caused injuries to her and she "continues to suffer physical and emotional injuries."  (Ex. A, Compl., ¶¶ 8, 10.)  She prays for judgment against Defendants "for past, present, and future medical expenses; past, present, and future pain and suffering; loss of enjoyment of life; [and] punitive damages . . . in a sum of money that exceeds the jurisdictional level of all lower courts."  (Ex. A, Compl., pp. 4-5.)

5.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also*, *Rhythm of Life Corp. v. Hartford Financial Services Group*, (S.D.N.Y. 2021).  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

6.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in

controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446 (c)(2)(B).

7.     Where, as here, a plaintiff alleges she has suffered serious bodily injuries, courts readily have found that the amount-in-controversy requirement is satisfied. *See, e.g., Varzally v. Sears, Roebuck & Co.*, No. 09-CV-6137, 2010 WL 3212482, at *2 (E.D. Pa. July 30, 2010) (where plaintiff alleged injuries to his neck, right shoulder and right arm, requiring medical treatment and physical therapy, wage losses from having to take time off from work to recover from his injuries, and continuing medical problems, amount in controversy met); *Viens v. Wal–Mart Stores, Inc.*, No. 96–CV–2602, 1997 WL 114763, at *2–3 (D. Conn. Mar. 4, 1997) (finding reasonable probability that amount in controversy requirement was satisfied when plaintiff's complaint alleged severe injuries and lost wages).[1]

8.     In addition, plaintiff's demand for punitive damages may be included in the calculation of the amount in controversy. *See, e.g., A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2nd Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied.").

9.     Accordingly, although Defendants deny any liability or that they are responsible in any way for plaintiff's alleged damages, based upon plaintiff's characterization of the alleged damages at issue, the amount-in-controversy requirement is satisfied.

---

[1] Defendants also note multiple similar personal-injury cases filed by women alleging they were injured and incurred damages in excess of $75,000 as a result of their Paragard IUD's breaking in some manner during removal previously were filed directly in this Court. *See, e.g.*, *Harnish v. Teva Pharmaceuticals USA, Inc.*, Case No. 7:20-cv-05942-PMH; *Lewis v. Teva Pharmaceuticals USA, Inc.*, Case No. 1:20-cv-04048-GHW; *Melendez v. Teva Pharmaceuticals USA, Inc.*, Case No. 1:20-cv-06683-LJL; *Silfa v. Teva Pharmaceuticals USA, Inc.*, Case No. 1:20-cv-07979-AJN; *Rojas v. Teva Pharmaceuticals USA, Inc.*, Case No. 7:20-cv-06448-KMK; *Jackson v. Teva Pharmaceuticals USA, Inc.*, Case No. 7:21-cv-01500-PMH. Each of those cases, along with many other cases filed in other federal district courts, subsequently were transferred to a multi-district litigation established in the United States District Court for the Northern District of Georgia, *In re: Paragard IUD Product Liability Litigation*, Case No. 1:20-cv-md-02974-LMM.

**B.      There is Complete Diversity**

10.      Plaintiff, Olivia Murphy, is a resident of New York.  (*See* Ex. A, Compl. ¶ 1.)

11.      Defendant Teva Pharmaceuticals USA, Inc., is incorporated in Delaware and has its principal place of business in Parsippany, New Jersey.  (*See* Declaration of Brian Shanahan, ¶ 3, Ex. B.)  Therefore, for diversity purposes, Teva Pharmaceuticals USA, Inc., is deemed to be a citizen of Delaware and New Jersey, and diverse from plaintiff.  Teva Pharmaceuticals USA, Inc., has not manufactured or sold ParaGard.  Teva Pharmaceuticals USA, Inc., has not properly served in this matter.

12.      Defendant The Cooper Companies, Inc., is incorporated in Delaware and has its principal place of business in California.  (*See* Declaration of Cynthia Wallace, ¶ 3. Ex. C.) Therefore, for diversity purposes, The Cooper Companies, Inc., is deemed to be a citizen of Delaware and California.  The Cooper Companies, Inc., has not manufactured or sold ParaGard. (*Id.*, ¶ 4.)  Plaintiff has not served The Cooper Companies, Inc., in this matter.

13.      Thus, complete diversity exists.  28 U.S.C. § 1332(a)(1).

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

14.      This is a civil action within the meaning of the Acts of Congress relating to removal of cases.  *See generally* 28 U.S.C. § 1446(a)-(b).

15.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because plaintiff has not served Teva Pharmaceuticals USA, Inc., or The Cooper Companies, Inc., with her Complaint.

16.      There has been no process, pleadings, or orders served upon any of the Defendants in this action.  28 U.S.C. § 1446(a).  A review of the docket of the action evidences the filing of no documents other than plaintiff's Complaint, including the filing of no affidavits of service asserting service on Teva Pharmaceuticals USA, Inc., or The Cooper Companies, Inc.  (Ex. D,

Online Docket.)

17.    The Supreme Court of the State of New York, Bronx County, the court in which this action was filed, is located within the jurisdiction of the United States District Court for the Southern District of New York.

18.    A copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, Bronx County.

19.    Written notice of removal is also being given promptly to plaintiff, by service upon her attorneys of record.

20.    Defendants reserve the right to amend or supplement this Notice of Removal.

21.    By filing this Notice of Removal, the removing Defendants do not waive, either expressly or implicitly, their rights to assert any defenses available under state and/or federal law. All such defenses are expressly reserved and preserved.

WHEREFORE, Defendants Teva Pharmaceuticals USA, Inc., and The Cooper Companies, Inc., hereby remove this action from the Supreme Court of the State of New York, Bronx County, Case No. 814627/2021E, to this Court.

Dated:  January 27, 2022                 Respectfully submitted,

By:    */s/ David A. Landman*
                                        David A. Landman, Esq. (#DL2418)
                                        Ulmer & Berne LLP
                                        275 Madison Avenue, Suite 2002
                                        New York, New York 10016
                                        Tel: (917) 262-0470
                                        Fax: (917) 262-0480
                                        dlandman@ulmer.com

                                        *Attorneys for Defendants Teva Pharmaceuticals*
                                        *USA, Inc., and The Cooper Companies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

On this 27th day of January, 2022, the undersigned certifies that a true and correct copy of the foregoing Notice of Removal was served by electronic mail upon the following counsel of record:

Uwem Umoh, Esq.
Umoh Law Firm, PLLC
25 Bond Street, 2nd Floor
Brooklyn, NY 11201
info@omohlaw.com


*/s/ David A. Landman*
David A. Landman, Esq.